GRB/DIS USAO 2010R00644

DEC 1 1 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. WDQ-12-0163 |
| | ) | |
| v. | ) | (Aiding and Assisting in the Preparation |
| | ) | and Presentation of a False and |
| RICARDO O. CURRY II, | ) | Fraudulent Return, 26 U.S.C. § 7206(2); |
| | ) | Bankruptcy Fraud, 18 U.S.C. § 157(2); |
| Defendant. | ) | Falsification of Records in Bankruptcy, |
| | ) | 18 U.S.C. § 1519; False Oath, 18 U.S.C. § |
| | ) | 152(2); Aiding and Abetting, 18 U.S.C. § |
| | ) | 2; Forfeiture, 28 U.S.C. § 2461, 18 U.S.C. |
| | ) | § 981, 21 U.S.C. § 853) |
| _____ | ) | |

### SUPERSEDING INDICTMENT

The Grand Jury for the District of Maryland charges that:

### COUNT ONE
### (Aiding and Assisting in the Preparation
### and Presentation of a False and Fraudulent Return)

At all times relevant to this Indictment:

1.      Defendant **RICARDO O. CURRY II ("CURRY")**, a resident of Maryland,

worked for, or on behalf of, Peerless Real Estate Services, Inc. ("Peerless").

2.      Peerless was a North Carolina corporation with its principle place of business at

135 Crown Ridge, Spruce Pine, North Carolina.  Peerless has overseen the sale of real property

in North Carolina including the Village of Penland development.  Other entities involved with

the Village of Penland operation include: Village of Penland, LLC; MFSL Landholdings, LLC;

Communities of Penland, LLC; COP Land Holdings, LLC; P.G. Capital Holdings, LLC; West

Side Development, LLC, hereinafter these companies and their officers are collectively referred

to as "Peerless".

3.    Around 2002, Peerless purchased a track of land in Mitchell County, North Carolina, containing 1200 to 1400 acres.  Peerless took this land and subdivided it into a development called the Village of Penland, which contained more than 2000 lots.

4.    While marketing the Village of Penland to consumers over a period of three or more years, Peerless promised consumers they would profit from the venture without ever investing any of their own money.  Through such a promise, Peerless enticed the consumers to use their own credit to purchase lots.  Consumers were told that they could only purchase the property by credit transactions and could not pay cash for the lots.  Peerless received approximately $95 million from the sale of lots from 2002 through 2007.

5.    Peerless paid certain entities and individuals, including **CURRY**, commissions to market its plan to potential investors of Penland.

6.    **CURRY** induced at least 12 investors to purchase 23 or more lots as investors in Penland during the period of November 2006 - May 2007.

7.    **CURRY** received a commission equal to 5 to 10% of Peerless's proceeds for each of the lot purchases made by the investors Curry recruited.  These transfers were characterized as "commissions" or "referral fees."  **CURRY** was not licensed as a North Carolina real estate broker or mortgage broker.

8.    Between 2005 and 2007, **CURRY** received referral fees totally approximately $415,201.  During 2005 and 2006, **CURRY** received approximately $41,455 and $43,200 respectively, from Peerless in referral fees.  During 2007, **CURRY** received $330,546 in referral fees.  **CURRY** did not report this income on his tax returns filed with the Internal Revenue Service (hereinafter "IRS").

2

9.      The IRS is an agency of the United States Department of Treasury responsible for enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

## THE CHARGE

The Grand Jury for the District of Maryland charges that:

10.      On or about May 10, 2007 in the District of Maryland, the defendant,

### RICARDO O. CURRY II,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, IRS Form 1040, for the year 2006 in the name of **RICARDO CURRY II**. The return was false and fraudulent as to a material matter, in that Line 22 of the Form 1040 represented that **CURRY**'s total income for 2006 was $59,412 whereas, as **CURRY** then and there knew, his total income in 2006 was substantially in excess of that amount.


26 U.S.C. § 7206(2)

3

## COUNT TWO
### (Aiding and Assisting in the Preparation
### and Presentation of a False and Fraudulent Return)

And the Grand Jury for the District of Maryland further charges that:

1.      The allegations of paragraphs 1 through 9 of Count One are hereby realleged and incorporated by reference.

2.      On or about May 1, 2008, in the District of Maryland, the defendant,

### RICARDO O. CURRY II,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, IRS Form 1040, for the year 2007 in the name of **RICARDO CURRY II**. The return was false and fraudulent as to a material matter, in that Line 22 of the Form 1040 represented that **CURRY**'s total income for 2007 was $28,734 whereas, as **CURRY** then and there knew, his total income in 2007 was substantially in excess of that amount.


26 U.S.C. § 7206(2)

4

## COUNTS THREE THROUGH SIX
### (Bankruptcy Fraud)

And the Grand Jury for the District of Maryland further charges that:

1.      The allegations of paragraphs 1 through 9 of Count One are hereby realleged and incorporated by reference.

2.      A voluntary bankruptcy case is begun by the filing of a bankruptcy petition in the bankruptcy court, and the person who files a bankruptcy petition is a "debtor" under federal bankruptcy law.

3.      Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his financial circumstances, including, among other things, assets, liabilities, and income from prior years. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor.

4.      The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

5.      On Schedule A of the Schedules of Assets and Liabilities, the debtor is required to list all real property in which he has any legal, equitable, or future interest. On the Statement of Financial Affairs, the debtor is required to disclose, among other things, the gross amount of income the debtor has received in recent years from employment, trade, profession, operation of a business, or any other source.

5

6.     If a bankruptcy trustee is assigned to the bankruptcy case, he is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors.  All debtors are required to attend a Section 341 Meeting of Creditors at which the debtor is placed under oath by the bankruptcy trustee and questioned about his financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

7.     Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharge of their debts.  A discharge depends upon the debtor's disclosure of a true and accurate picture of his financial affairs.

**Scheme to Defraud**

8.     Beginning on or about March 12, 2009 and continuing through at least on or about January 20, 2010, in the District of Maryland, the defendant

**RICARDO O. CURRY II,**

knowingly and willfully devised and intended to devise a scheme to defraud his creditors and the bankruptcy trustee, which scheme is further described below.

**Manner and Means of the Scheme to Defraud**

9.     It was part of the scheme to defraud that **RICARDO O. CURRY II** filed and caused to be filed a petition for bankruptcy under Title 11, United States Code, namely, *In re Curry, II*, Case No. 09-14111 in the United States Bankruptcy Court for the District of Maryland.

10.     It was further part of the scheme to defraud that **RICARDO O. CURRY II** provided false information to, and withheld material financial information from, the law firm he hired to handle his bankruptcy case.

6

11.     It was further part of the scheme to defraud that **RICARDO O. CURRY II** submitted and caused to be submitted copies of his fraudulent 2005, 2006, and 2007 tax returns to the bankruptcy trustee as proof of his income during those years, even though **CURRY** knew that his tax returns omitted over $400,000 of income he had received from Peerless in the form of referral fees.

12.     It was further part of the scheme to defraud that **RICARDO O. CURRY II** filed and caused to be filed a Statement of Financial Affairs on which **CURRY** falsely reported his income in 2005, 2006, and 2007.

13.     It was further part of the scheme to defraud that **RICARDO O. CURRY II** filed and caused to be filed a Schedule A on which **CURRY** failed to disclose his ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland.

14.     It was further part of the scheme to defraud  that **RICARDO O. CURRY II** filed or caused to be filed an Amended Statement of Financial Affairs which again falsely reported his income in 2005, 2006, and 2007, and an Amended Schedule A on which he again failed to disclose his ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland.

15.     It was further part of the scheme to defraud for **RICARDO O. CURRY II** to testify under oath at multiple Section 341 Meeting of Creditors that his bankruptcy filings were complete and accurate and that all of his property, assets, and belongings were disclosed, when in fact **CURRY** knew these statements to be false.

16.     It was further part of the scheme to defraud that **RICARDO O. CURRY II** failed to properly account for the income he received from Peerless after being told by the bankruptcy trustee that he must do so.

7

## THE CHARGE

17.    On or about the dates below, in the District of Maryland, the defendant,

## RICARDO O. CURRY II,

for the purpose of executing and concealing and attempting to execute and conceal the scheme to

defraud, caused to be filed the documents identified below in a proceeding under Title 11 in the

United States Bankruptcy Court for the District of Maryland:

| COUNT | DATE | DOCUMENT |
|:---:|:---:|:---|
| 3 | April 21, 2009 | Statement of Financial Affairs, which falsely reported **CURRY'S** income from 2005 through 2007 |
| 4 | April 21, 2009 | Schedule A, which failed to disclose **CURRY's** ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland |
| 5 | July 28, 2009 | Amended Statement of Financial Affairs, which falsely reported **CURRY'S** income from 2005 through 2007 |
| 6 | September 21, 2009 | Amended Schedule A, which failed to disclose **CURRY's** ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland |

18 U.S.C. § 157(2)
18 U.S.C. § 2

8

## COUNT SEVEN
### (Falsification of Records in Bankruptcy)

And the Grand Jury for the District of Maryland further charges that:

1.      The allegations of paragraphs 1 through 9 of Count One and paragraphs 2 through
7 of Count Three are hereby realleged and incorporated by reference.

2.      On or about April 21, 2009, in the District of Maryland, the defendant,

### RICARDO O. CURRY II,

knowingly altered, concealed, covered-up, falsified, and made a false entry in a record or

document, namely a Statement of Financial Affairs, filed in United States Bankruptcy Court for

the District of Maryland, on which **CURRY** falsely reported his income in 2005, 2006, and 2007,

with the intent to impede, obstruct, and influence a bankruptcy case filed under Title 11, United

States Code .

18 U.S.C. § 1519
18 U.S.C. § 2

## COUNT EIGHT
### (Falsification of Records in Bankruptcy)

And the Grand Jury for the District of Maryland further charges that:

1.     The allegations of paragraphs 1 through 9 of Count One and paragraphs 2 through 7 of Count Three are hereby realleged and incorporated by reference.

2.     On or about April 21, 2009, in the District of Maryland, the defendant,

### RICARDO O. CURRY II,

knowingly altered, concealed, covered-up, falsified, and made a false entry in a record or document, namely a Schedule A, filed in United States Bankruptcy Court for the District of Maryland, on which **CURRY** failed to disclose his ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland, with the intent to impede, obstruct, and influence a bankruptcy case filed under Title 11, United States Code.

18 U.S.C. § 1519
18 U.S.C. § 2

10

## COUNT NINE
### (Falsification of Records in Bankruptcy)

And the Grand Jury for the District of Maryland further charges that:

1.     The allegations of paragraphs 1 through 9 of Count One and paragraphs 2 through

7 of Count Three are hereby realleged and incorporated by reference.

2.     On or about July 28, 2009, in the District of Maryland, the defendant,

### RICARDO O. CURRY II,

knowingly altered, concealed, covered-up, falsified, and made a false entry in a record or

document, namely an Amended Statement of Financial Affairs, filed in United States Bankruptcy

Court for the District of Maryland, on which **CURRY** falsely reported his income in 2005, 2006,

and 2007, with the intent to impede, obstruct, and influence a bankruptcy case filed under Title

11, United States Code.


18 U.S.C. § 1519
18 U.S.C. § 2

11

## COUNT TEN
### (Falsification of Records in Bankruptcy)

And the Grand Jury for the District of Maryland further charges that:

1.     The allegations of paragraphs 1 through 9 of Count One and paragraphs 2 through 7 of Count Three are hereby realleged and incorporated by reference.

2.     On or about September 21, 2009, in the District of Maryland, the defendant,

**RICARDO O. CURRY II,**

knowingly altered, concealed, covered-up, falsified, and made a false entry in a record or document, namely an Amended Schedule A, filed in United States Bankruptcy Court for the District of Maryland, on which **CURRY** failed to disclose his ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland, with the intent to impede, obstruct, and influence a bankruptcy case filed under Title 11, United States Code.

18 U.S.C. § 1519
18 U.S.C. § 2

## COUNT ELEVEN
**(False Oath)**

And the Grand Jury for the District of Maryland further charges that:

1.     The allegations of paragraphs 1 through 9 of Count One and paragraphs 2 through 7 of Count Three are hereby realleged and incorporated by reference.

2.     On or about October 20, 2009, in the District of Maryland, the defendant,

### RICARDO O. CURRY II,

defendant herein, did knowingly and fraudulently make a false oath in and in relation to *In re Curry, II*, Case No. 09-14111 in the United States Bankruptcy Court for the District of Maryland, a bankruptcy case under Title 11, United States Code, namely at a hearing pursuant to Section 341 of Title 11, while testifying under oath at a Section 341 Meeting of the Creditors, **CURRY** falsely answered the following questions:

Q:     And all your answers are all complete and accurate to the best of your knowledge?

A:     Yes.

Q:     And all your property, assets, and belongings are all listed in the filing?

A:     Yes.

when in truth and in fact, defendant received approximately $415,201 of income received from Peerless between 2005 and 2007 and had an ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland.


18 U.S.C. § 152(2)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

And the Grand Jury for the District of Maryland further charges that:

1.     Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), in the event of the defendant's conviction under Count Eleven of this Superseding Indictment.

2.     As a result of the offense charged in Count Eleven, the defendant, a

### RICARDO O. CURRY II,

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations, and all interest and proceeds traceable thereto.

3.     The interests of the defendant subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), include but are not limited to:

(a)     $415,201.46 of income received from Peerless Real Estate; and

(b)     Ownership interest in 1622 Sandy Hollow Circle, Baltimore, Maryland.

4.     If any of the forfeitable property described above, as a result of any act or omission by the defendant:

a.     Cannot be located upon the exercise of due diligence;

b.     Has been transferred or sold to, or deposited with, a third party;

c.     Has been placed beyond the jurisdiction of the Court;

14

     d.     Has been substantially diminished in value; or

     e.     Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United

States Code, Section 2461(c).


28 U.S.C. § 2461(c)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)



Rod J. Rosenstein
United States Attorney


**SIGNATURE REDACTED**

Foreperson

12/11/12

Date

15