IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | * | CRIMINAL NO.:  WDQ-12-0163 |
| RICARDO O. CURRY, II | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Ricardo O. Curry is charged with tax and bankruptcy fraud crimes.  Pending is the government's unopposed motion *in limine* for rulings on the admissibility of business and public records, the attorney-client privilege, and tax protestor arguments and documents.  For the following reasons, the motion will be granted in part and denied in part.

I.   Background[1]

This case arises from Curry's relationship with Peerless Real Estate Services, Inc. ("Peerless"), a North Carolina real estate business.  *See* ECF No. 44.  Peerless "promised consumers they would profit from the [real estate] venture without ever

---

[1] The factual background is principally drawn from the superseding indictment.  This Court has made no determination about the truth of the allegations in the superseding indictment.  Although this *pro se* defendant has not opposed the government's motion, the Court accepts the allegations as factual only for the purpose of deciding the government's motion.

investing any of their own money." *Id.* at 2.  Consumers were only able to purchase lots on credit, not with cash.  *Id.*  Curry induced at least 12 investors to purchase lots, and received a commission between 5% and 10% of the proceeds (fees of approximately $415,000) between 2005 and 2007.  *Id.*  Curry did not report these fees to the Internal Revenue Service ("IRS"). *Id.*

On March 12, 2009, Curry filed for Bankruptcy in the U.S. Bankruptcy Court for the District of Maryland.  *See In re Curry*, No. 09-14111 (Bankr. D. Md.).  In the bankruptcy case, Curry submitted copies of his 2005, 2006, and 2007 tax returns which did not include his income from Peerless.  ECF No. 44 at 7.  He also did not disclose his ownership interest in property at 1622 Sandy Hollow Circle in Baltimore, Maryland.  *Id.*  At a meeting of his creditors under 11 U.S.C. § 341, Curry stated under oath that his answers were complete and accurate, and all his assets were included in his filings.  *Id.* at 13.  Curry later disclosed to the bankruptcy trustee that he had received compensation from Peerless.

On May 27, 2012, Curry was charged with three counts of making and subscribing a false tax return.  ECF No. 1.  The grand jury continued to investigate Curry's bankruptcy case.  To assist the grand jury's investigation, the government filed *ex parte* motions to compel Adam Freiman, Esquire, and Benjamin

2

Beatty, Esquire, Curry's bankruptcy attorneys, to testify and disclose their files.  ECF Nos. 66-3, 66-8.  District Judge Ellen Lipton Hollander granted in part and denied in part the motions, reasoning that (1) certain communications were not intended to be confidential, as they were to be disclosed in public filings in the bankruptcy court, (2) the government had made a *prima facie* showing of the crime-fraud exception to the attorney client-privilege, and (3) non-disclosures were not protected by the privilege because they were not "communications," and Curry never intended to obtain legal advice.[2]  ECF No. 66-7 at 4.  On June 12, 2012, Freiman testified

---

[2] Specifically, Judge Hollander compelled testimony and documentation about:
  1. Confirming representation of Curry and the dates;
  2. Disclosures Curry made or did not make about income from Peerless and his ownership of real property;
  3. Certain entries from the firm's "Best Case Bankruptcy Case Notes";
  4. The "Client Questionnaire," but excluding the first two pages of the cover letter;
  5. Timekeeping records, with certain redactions;
  6. Other documents that Curry, his standby counsel, and the bankruptcy attorneys agreed were not privileged.

ECF No. 66-7 at 2-4.  Judge Hollander expressly stated that several documents were *not* to be produced:
  1. Anything from the "Best Case Bankruptcy Case Notes" other than those expressly compelled;
  2. A January 25, 2010 letter from Freiman to Curry;
  3. July 28, 2009 financial calculations;
  4. A handwritten letter from Curry with a fax header of May 26, 2009, 8:36 a.m.;
  5. May 1, 2009 "Gerri Auchincloss" document;

before the Grand Jury, and on September 18, 2012, Beatty
testified.

On December 11, 2012, the grand jury returned the
superseding indictment, charging Curry with (Counts 1-2) aiding
and assisting the preparation and presentation of a false and
fraudulent tax return, (Counts 3-6) bankruptcy fraud, (Counts 7-
10) falsification of records in bankruptcy, and (Count 11) false
oath.  ECF No. 44.

On January 14, 2013, this Court held a *Faretta*[3] hearing and
determined that Curry was capable of representing himself.  *See*
ECF No. 58.  On February 22, 2013, the government moved *in
limine* for (1) pretrial admission of business and public
records, (2) adoption of Judge Hollander's rulings on the
attorney client privilege, and (3) preclusion of certain "tax
protestor" documents and testimony.  ECF No. 66.

It appears that as part of his defense, Curry will assert
that he is not subject to the jurisdiction of the United States
or the IRS.  Curry claims that his name should be written as
"ricard otto of the house of curry, ii," and is the "living
beneficiary" of the "Ricardo Otto Curry II Estate," as

---

6. Documents pertaining to other clients that were in Curry's
   file; and
7. April 22, 2009 handwritten notes on a "Best Case" printout.
*Id.* at 4.

[3] *Faretta v. California*, 422 U.S. 806 (1975).

4

purportedly granted by The Global Estate Trust, Divine Province. *See* ECF No. 73-5 at 3. Jaemes McBride claims to be the trustee and the "Postmaster General NA Divine Province."[4]   *Id.* at 5.

On March 7, 2013, the Court held a telephone conference with counsel for the government, Curry, and Curry's standby counsel. Curry did not take a position on any of the issues in the government's motion. However, with regard to the attorney-client privilege, he stated "frankly, Your Honor, I don't think they apply to me." That day, the government submitted to the Court all the documents for which it sought admission admitted through its motion *in limine*. *See* ECF No. 71. On March 11, 2013, the government supplemented its motion *in limine* with specific arguments about the "Global Estate Trust" and "Postmaster General NA" Jaemes McBride's tax protestor arguments. ECF No. 73. The deadline for Curry's response to the initial motion has passed.

II. Analysis

A.   Admission of Self-Authenticating Documents

The government seeks the admission of (1) Bank of America business records, (2) Baltimore County property records, and (3) the voluntary petition of Brian L. Smith filed in the U.S.

---

[4] The government asserts that McBride has been convicted of obstruction of justice, obstructing the IRS, and bankruptcy fraud. ECF No. 73 at 4; *see* ECF Nos. 73-11 (judgment), 73-12 (indictment).

Bankruptcy Court for the District of Columbia[5] as self-authenticating documents within hearsay exceptions.

      1.   Bank of America

The government seeks pretrial admission of certain Bank of America business records. ECF No. 66 at 2-4. Generally, a statement, other than one made by the declarant while testifying at the trial or hearing, "offer[ed] in evidence to prove the truth of the matter asserted" is inadmissible as hearsay. Fed. R. Evid. 801(c). There are numerous exceptions.

Reports and documents prepared in the ordinary course of business are generally presumed trustworthy because "businesses depend on such records to conduct their own affairs" and "the employees who generate them have a strong motive to be accurate and none to be deceitful." *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 702 (E.D. Va. 2004) (internal quotation marks omitted). Under Fed. R. Evid. 803(6), a record of a regularly conducted activity of a business may be admitted into evidence as an exception to the rule against hearsay. For admissibility, Rule 803(6) requires:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;

---

[5] No. 09-00816 ECF No. 1 (Bankr. D.D.C.).

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
(E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Rule 902(11) provides for the self-authentication of business records by "a certification of the custodian or another qualified person." Fed. R. Evid. 902(11). A certification is a sworn statement or unsworn statement under the penalty perjury.[6] A qualified person must be familiar with the record keeping requirements of the business and the creation of the records.[7] The proponent of admission under Rule 902(11) must give written notice of the intent to offer the record and make the record and certification available for inspection. *Id.*

The government asserts that the admission of business records under Rules 803(6) and 902(11) does not violate the Sixth Amendment's Confrontation Clause. ECF No. 66 at 3-4.

---

[6] *Doali-Miller v. SuperValu, Inc.*, No. PWG-10-2422, 2012 WL 1223726, at *8 (D. Md. Apr. 11, 2012); *see* Fed. R. Evid. 902 advisory committee note (2000) ("A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."); 28 U.S.C. § 1746 (permitting a statement executed under the penalty of perjury to substitute for a sworn certificate).

[7] *Rambus*, 348 F. Supp. 2d at 703; *see United States v. Porter*, 821 F.2d 968, 977 (4th Cir. 1987); *United States v. Sofidiya*, 165 F.3d 22 (table), 1998 WL 743597, at *3 (4th Cir. 1998).

Curry's failure to respond to the motion *in limine* is likely insufficient to waive his right of Confrontation. *See United States v. Williams*, 632 F.3d 129, 133 (4th Cir. 2011). Nevertheless, the Confrontation Clause is no bar to admissibility.

The Confrontation Clause gives the accused "the right to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004), held that the Confrontation Clause bars the "admission of testimonial statements of a witness who d[oes] not appear at trial unless [1] he [is] unavailable to testify, and [2] the defendant . . . had a prior opportunity for cross-examination." 541 U.S. at 53-54. The key to the application of the Confrontation Clause's requirements is that the statements were testimonial. *See Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2716-17 (2011).

The Fourth Circuit has held that business records admitted under Rules 803(6) and 902(11) are not testimonial and not subject to the Confrontation Clause. *See United States v. Mallory*, 461 F. App'x 352, 356-57 (4th Cir. 2012). Many other Courts of Appeals have held that admitting business records and their certifications do not violate the right to Confrontation.[8]

---

[8] *See e.g.*, *United States v. Thompson*, 686 F.3d 575, 581-82 (8th Cir. 2012), *cert. denied* 133 S. Ct. 771; *United States v.*

The Confrontation Clause is no bar to the admission of business records under 803(6) or 902(11) in this case.

The government has presented affidavits from Bank of America custodians for (1) wire transfers for an account ending in 4887 in the name of Ricardo O. Curry II (Gov't Ex. 10b), (2) statements, credits, debits, and signature card for an account ending in 8161 in the name of Peerless Real Estate Services, Inc. (Gov't Ex. 10c), (3) statements, credits, debits, and signature card for an account ending in 4887 in the name of Ricardo O. Curry II (Gov't Ex. 10a).

The documents submitted by the government are business records within the meaning of Rule 803(6) and are accompanied by proper affidavits under Rule 902(11).  Accordingly, government exhibits 10a, 10b, and 10c are admissible.

     2.   Property Records

Next, the government seeks the admission of property records filed in the Circuit Court for Baltimore County.  ECF No. 66 at 4; Gov't Ex. 15a, 15b.  The government asserts that these property records are public records under Rule 803(8).

---

*Adefehinti*, 510 F.3d 319, 328 (D.C. Cir. 2007); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (stating in dicta that business records are generally not subject to Confrontation).

Rule 803(8) is a hearsay exception for:

A record or statement of a public office if:
(A) it sets out:
  (i) the office's activities;
  (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
  (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
(B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

The rationale for this exception is the "assumption 'that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record.'"[9]

The government does not state which of the three 803(8)(A) exceptions the property records meet, but merely asserts that they are "quintessentially public records" without citation or explanation. *See* ECF No. 66 at 5. Contrary to the government's position, the property records fall within none of the 803(8)(A) exceptions, as they were not produced by the Circuit Court. *See Zeus Enters.*, 190 F.3d at 241.

---

[9] *Zeus Enters., Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 241 (4th Cir. 1999) (*quoting* Fed. R. Evid 803(8) advisory committee note)).

However, Rules 803(14) and (15) cover documents affecting property interests.[10]  A document affecting a property interest may be admissible if:

    A. the record is admitted to prove the content of the original document, along with its signing and its delivery by each person who purports to have signed it;
    B. the record is kept in a public office; and
    C. a statute authorizes recording documents of that kind in that office.

Fed. R. Evid. 803(14).  Rule 902(4) permits self-authentication if the copy of a document recorded in a public office is certified as correct by the custodian or other person authorized to do so.

The documents tendered by the government meet the requirements of 803(14) and 902(4).  The records are kept in the Circuit Court for Baltimore County, and Maryland has a statute for the recordation of deeds.  *See* Md. Code Ann., Real Prop. §§ 3-101 *et seq.*; Gov't Ex. 15a, 15b.  The records are accompanied by sealed certifications from the Clerk of the Circuit Court, meeting Rule 902(4).  *See* Gov't Ex. 15a, 15b.  Further, these property records are not testimonial and do not implicate the Confrontation Clause.  *See Michigan v. Bryant*, 131 S. Ct. 1143, 1157 n.9 (2011); *United States v. Thornton*, 209 F. App'x 297,

---

[10] The two rules are designed in conjunction to allow admission of the documents to prove the terms of the original and the facts that the deed recites.  *See* 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:98.

299 (4th Cir. 2006) (per curiam).  Accordingly, these records
are admissible under Rules 803(14) and 902(4).

>    3.    Bankruptcy Court Records

The government seeks admission of Brian L. Smith's[11]
voluntary bankruptcy petition in the U.S. Bankruptcy Court for
the District of Columbia under Rule 803(8) but, like the
property records, does not provide an argument for its
admission.  *See* ECF No. 66 at 5.

The government appears to seek admission of the petition
for the truth of the matters that it contains.  Unlike the
documents included within the Rule 803(8)(A) exceptions, the
petition was produced by Smith, through his attorneys.  *See*
Gov't Ex. 9a.  This is not within the 803(8)(A) exceptions.  *Cf.*
*United States v. Lechuga*, 975 F.2d 397, 398-99 (7th Cir. 1992)
(affirming admission of Order Setting Conditions of Release,
Appearance Bond, and minutes from court proceedings).  Although
the petition is self-authenticating as it is properly certified
under Rule 902(4), the petition is not admissible under Rule
803(8) to prove the truth of the matters in the Smith petition.
*See* Gov't Ex. 9a.

---

[11] The government has not identified Smith; it is not clear who
he is; he may have been involved with Curry in Peerless
transactions.  *See* Gov't Ex. 10b.

B.   Attorney Client Privilege

Next the government asks the Court to adopt Judge
Hollander's rulings about the attorney-client and work-product
privileges of information Curry communicated to Freiman and
Beatty.[12]   ECF No. 66 at 9.   It relies on its motions filed with
Judge Hollander.  *See, e.g.*, ECF No. 66-3.

The Fourth Circuit uses the "classic test" to determine the
applicability of the attorney-client privilege:

> The privilege applies only if (1) the asserted holder of
> the privilege is or sought to become a client; (2) the
> person to whom the communication was made (a) is a member
> of the bar of a court, or his subordinate and (b) in
> connection with this communication is acting as a lawyer;
> (3) the communication relates to a fact of which the
> attorney was informed (a) by his client (b) without the
> presence of strangers (c) for the purpose of securing
> primarily either (i) an opinion on law or (ii) legal
> services or (iii) assistance in some legal proceeding, and
> not (d) for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived
> by the client.

*In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 338 n.3
(4th Cir. 2005).

For admission of documents under the crime-fraud exception,
the government

> must make a prima facie showing that (1) the client was
> engaged in or planning a criminal or fraudulent scheme when
> he sought the advice of counsel to further the scheme, and
> (2) the documents containing the privileged materials bear

---

[12] When asked about his position on the potential privileges
during the March 7, 2013 telephone conference, Curry stated,
"frankly, Your Honor, I don't think they apply to me."   Mar. 7,
2013, Telephone Conference.

> a close relationship to the client's existing or future
> scheme to commit a crime or fraud.

*In re Grand Jury Proceedings #5*, 401 F.3d 247, 251 (2005).   For

privileged communications, "it is the client's knowledge and

intentions that are of paramount concern because the client is

the holder of the privilege," and "the attorney need not be

aware of the illegality involved."   *Id.*

Additionally, courts have held that no privilege exists

when there is no intent of confidentiality because the

information is intended and required to be disclosed in a

bankruptcy court.   *See United States v. White*, 950 F.2d 426, 430

(7th Cir. 1991); *United States v. Moazzeni*, No. 3:12CR45-HEH,

2012 WL 6019101, at *3 (E.D. Va. Dec. 3, 2012).

The Court has reviewed the documents submitted by the

government, and, with one exception, is satisfied that the

exhibits and testimony are within the crime-fraud exception,

were intended to be disclosed, were not communications, or had

been agreed to be non-privileged.[13]   This does not mean, however,

that all these documents are otherwise admissible.

The exception is Government's Exhibit 6e, which appears to

give legal advice to Curry that he must disclose his assets and

---

[13] Judge Hollander ordered the production of documents that
Freiman, Curry, and standby counsel agreed were not privileged.
ECF No. 66-7 at 4.   The Court is satisfied that the government's
exhibits that were not otherwise covered in Judge Hollander's
ruling constitute this category.

contains Curry's written acknowledgement.   In *United States v. Bauer*, 132 F.3d 504 (9th Cir. 1997), the Ninth Circuit held that the crime-fraud exception did not apply because the client had ignored his bankruptcy attorney's advice to disclose all his assets; this advice not further the crime.   *Id.* at 509-10.   The government has not distinguished *Bauer*[14] or otherwise explained how the crime-fraud exception applies.   Because the documents appear to be ignored legal advice that did not further the crime, the government has not made a *prima facie* showing that the exception applies.   Similarly, if Curry asserts the privilege, Freiman and Beatty will not be permitted to testify about the disclosure advice that Curry ignored, unless the government makes a *prima facie* showing of the crime-fraud or other exception.   The attorneys may, however, testify about the assets Curry did and did not disclose to them.

C.   Tax Protestor Arguments and Documents

The government also seeks preclusion of (A) evidence and testimony about the constitutionality or validity of the tax code, (B) Curry's hearsay, and (C) hearsay and lay opinion testimony about Curry's state of mind.   ECF No. 66 at 9-18.

---

[14] In its motion before Judge Hollander, the government simply stated that the facts of *Bauer* were distinguishable, and it was not particularly concerned about Freiman's communications with Curry.   ECF No. 66-3 at 10 n.5.

1.    Evidence About Constitutionality of the Tax Code

Counts I and II of the Superseding Indictment require the government to prove that Curry acted willfully in aiding or assisting the preparation of fraudulent or false tax returns. *See* 26 U.S.C. § 7206(2); ECF No. 44.  In criminal tax cases, the willfulness element "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."  *Cheek v. United States*, 498 U.S. 192, 201 (1991). Under *Cheek,* "a good faith misunderstanding of one's legal duties is a defense in a criminal tax prosecution 'whether or not the claimed belief or misunderstanding is objectively reasonable.'"  *United States v. Jinwright*, 683 F.3d 471, 483 (4th Cir. 2012), *cert. denied* 133 S. Ct. 843 (2013) (*quoting Cheek*, 498 U.S. at 202).

Claims of the unconstitutionality of the income tax code are not, however, a good faith defense. *See Cheek*, 498 U.S. at 205.  These "do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code.  Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however, wrong, that those provisions are invalid and unenforceable."  *Id.*  Accordingly, "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury," and if

16

any testimony is heard, "an instruction to disregard them would be proper." *Id.* at 206.

The government seeks exclusion of legal and administrative materials, and tax protestor publications and recordings. ECF No. 66 at 10-12. It does not, however, seek exclusion of Curry's own testimony about his views. Under Fed. R. Evid. 403, the Court may exclude evidence if its probative value is substantially outweighed by confusion of the issues.

The government asserts that admission of legal and administrative documents, such as the Constitution, court decisions, statutes, and regulations, would confuse the issues and should be excluded under Rule 403. ECF No. 66 at 11. Because the government does not seek to exclude Curry's testimony about the reasoning for his beliefs on taxation, the admission of legal and administrative documents would not be particularly probative of his good faith defense. Further, it is the Court's duty to instruct the jurors on the law, and Curry's provision of legal materials would likely confuse them.[15] Accordingly, Curry will be prohibited from introducing as

---

[15] *See United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979) ("In our judicial system the court instructs the jury on the applicable law, and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts. The law is neither introduced as evidence nor presented through witnesses at trial.").

evidence legal or administrative materials.  He may, however,
testify about what he believes these documents to mean.

The government also seeks exclusion of "tax protestor
publications, seminar materials, and recordings."  ECF No. 66 at
12.  The only specific documents the government has identified
are those from the Global Estate Trust and Jaemes McBride.  ECF
No. 73 at 6.  It is not clear what, if anything, Curry intends
to offer at trial.  In accordance with the March 7, 2013
telephone conference, the Court will address the admissibility
of such documents at trial.

2.    Curry's Hearsay

The government next asserts that Curry will likely attempt
to testify about emails or conversations that he had with other
persons to support his good-faith defense.  ECF No. 66 at 14.

If Curry attempts to introduce his prior statements for the
truth of the matter asserted, these statements would be
inadmissible hearsay unless an exception applies.  *See* Fed. R.
Evid. 801-802.  The government asserts that Curry will attempt
to use the mental, emotional, or physical condition exception,
Rule 803(3).  This exception does not encompass "statement[s] of
memory or belief to prove the fact remembered or believed unless
it relates to the validity or terms of the declarant's will."
Fed. R. Evid. 803(3).  Accordingly, out of court statements that
Curry believed something about the tax laws would not fit within

18

the exception.  *See also United States v. Wilkerson*, 84 F.3d

692, 696 (4th Cir. 1996) ("The rules do not, however, provide an

exception for self-serving, exculpatory statements made by a

party which are being sought for admission by that same party.")

From the information currently before the Court, it appears

that prior statements by Curry about his beliefs is likely

inadmissible hearsay.  However, Curry may rely on a hearsay

exception other than 803(3) or some other theory for admission

of prior statements.  Accordingly, a ruling excluding all prior

hearsay by Curry would be premature.  The government may object

at trial.

3.   Lay Opinion Testimony About Curry's State of Mind

The government also seeks exclusion of lay opinion

testimony about Curry's state of mind.  Although there is no

indication that Curry intends to offer such evidence, the

government asserts that Curry "will seek to substantiate his

recently asserted anti-tax justifications through lay opinion

testimony."  ECF No. 66 at 17.

Under Rule 701, lay witnesses may offer opinions that are

"(a) rationally based on the witness's perception; (b) helpful

to clearly understanding the witness's testimony or to

determining a fact in issue; and (c) not based on scientific,

technical, or other specialized knowledge."

"Opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Accordingly, a lay witness may not testify about the correctness of Curry's opinions on the law. Further, the Seventh Circuit has expressly addressed the issue of lay opinion about a defendant's beliefs about the tax law, and stated:

> by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances not present here.

*United States v. Hauert*, 40 F.3d 197, 202 (7th Cir. 1994).

Further it is difficult to see how another witness's opinion that Curry's beliefs about the tax law were in good faith will be helpful to the jury. The jury will be able to judge Curry's credibility and the basis for his beliefs. *See United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992); *United States v. Sickles*, No. 1:06CR36, 2006 WL 3375365, at *1 (N.D.W.V. Nov. 21, 2006). Accordingly, lay witnesses will not be permitted to give their opinion about the correctness or sincerity Curry's tax law beliefs.

III. Conclusion

For the reasons stated above, the motion will be granted in part and denied in part.

_____3/15/13_____
Date

_____
William D. Quarles, Jr.
United States District Judge